IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department
of Education,
     Petitioner

    v.

Allen Wing,
     Respondent

:
:
:
:
:
:
:
:
:   No. 146 C.D. 2020
:   Submitted: July 2, 2021


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON     FILED: August 23, 2021


The Pennsylvania Department of Education (Department) petitions for review of a Final Determination issued by the Office of Open Records (OOR) on January 15, 2020. The OOR granted an appeal by Allen Wing (Requester)[1] from the Department's denial of a request for information under the Right-to-Know Law[2] (RTKL) and directed the Department to provide the requested documents. Upon review, we reverse.

---

[1] We note that Requester did not submit any brief in response to the Department's brief before this Court.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

# I. Background

In October 2019, Requester submitted an information request (Request) to the Department under the RTKL seeking "PVAAS (Pennsylvania Value Added Assessment System) scores for all Algebra I [] teachers at the following Philadelphia Public High Schools [H.S.]: Lankenau H.S., Philadelphia Learning Academy, South Constitution H.S., Benjamin Franklin H.S., Parkway Center City H.S. and North East [H.S.]" Reproduced Record (R.R.) 36a. The Department denied the Request. R.R. 38a.

Upon Requester's appeal to the OOR, the Department argued the requested information was exempt from disclosure under the RTKL and the Public School Code of 1949[3] (School Code) and protected by the right to privacy guaranteed under the Pennsylvania Constitution. R.R. 24a-30a. The OOR granted the appeal and issued a Final Determination ordering the Department to provide all documents responsive to the Request. R.R. 70a. The Department then petitioned for review in this Court.[4]

# II. Discussion

In its Final Determination, the OOR reasoned that PVAAS scores measure only students' progress. R.R. 66a. Therefore, they are not teacher job performance ratings and are not exempt from disclosure under the RTKL or the School Code. R.R. 67a. In seeking review of the Final Determination, the Department argues that, contrary to the OOR's conclusion, PVAAS scores are a

---

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 – 27-2702.

[4] "On appeal from [the] OOR in RTKL cases, this Court's standard of review is *de novo*, and our scope of review is plenary." *Off. of Gen. Couns. v. Bumsted*, 247 A.3d 71, 76 n.7 (Pa. Cmwlth. 2021) (citing *Bowling v. Off. of Open Recs.*, 990 A.2d 813 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453, 477 (Pa. 2013)).

factor in public school teachers' performance ratings, which ratings are exempt from disclosure under the RTKL and the School Code and shielded by the Pennsylvania Constitution. We agree with the Department that the RTKL precludes disclosure of the requested information.

Under the RTKL, information in the possession of a public agency is presumed to be public information subject to disclosure; Section 701(a) of the RTKL generally renders accessible a public record, "[u]nless otherwise provided by law." 65 P.S. § 67.701(a). The agency resisting disclosure of information bears the burden of demonstrating an exemption from disclosure requirements by a preponderance of the evidence. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1).

Section 708(b)(7)(ii) of the RTKL exempts from the general rule a "performance rating or review" of a public employee. 65 P.S. § 67.708(b)(7)(ii). Accordingly, if PVAAS scores constitute public school teachers' performance ratings, the RTKL shields those scores from disclosure to Requester.

Section 1123(b)(ii) of the School Code requires that measurement of students' performance must comprise 50% of a public school teacher's overall performance effectiveness rating. 24 P.S. § 11-1123(b)(ii). More specifically, 15% of the overall public school teacher rating must consist of "building-level data," including, but not limited to, "[s]tudent performance on assessments" and "[PVAAS] data made available to the Department under [S]ection 221."[5] 24

---

[5] Section 221(a)(1) of the School Code requires the Department of Education (Department) to "make available on its publicly accessible Internet website . . . (1) Value-added assessment system data for the school district level and the school level . . . ." Added by the Act of November 17, 2010, P.L. 996, 24 P.S. § 2-221(a)(1). Notably, Section 221 does not require disclosure of either subject-level or individual teacher-level PVAAS data. *See id.* In fact, the relevant Department regulation in effect during the period covered by the Request required only that school districts report to the Department "the *aggregate* results of all classroom teacher evaluations." *Former* 22 Pa. Code § 19.1(V)(b) (emphasis added). Section 19.1 of Chapter 22 is currently reserved as of March 31, 2021.

P.S. § 11-1123(b)(1)(ii)(A)(I) & (II). PVAAS data, along with related analyses and reports, "offer valuable information for focused program improvement . . . ." 22 Pa. Code § 403.3(d)(1)(iii). However, PVAAS data provided to a school district by the Department is not simply plugged into a teacher's rating form. Rather, during the period relevant to the Request, the school district used a regulatory conversion table to assign a rating to the teacher on a scale of zero to three, "based on a rolling average of available assessment data during the most recent three consecutive school years." *Former* 22 Pa. Code § 19.1(IV)(b)(2)(iv) & (vi). If a rolling three-year average of PVAAS data scores corresponding to a particular teacher was not available, other data could be used. *Former* 22 Pa. Code § 19.1(IV)(b)(2)(ix).

In addition, the OOR quoted in its Final Determination, and apparently credited, the affidavit of the Department's witness, stating that "[a] PVAAS rating score is one of the several *performance ratings* received by an educator and *included in his or her performance evaluation*." R.R. 65a (quoting Department affidavit) (emphasis added). Similarly, the OOR apparently credited the Department's attestation that "[t]he PVAAS rating score of an individual teacher is one *measure of the teacher's performance*." *Id.* (emphasis added). Indeed, the Request itself implicitly acknowledged that the records at issue related to teachers' performances, not merely students' performances, in that the Request expressly requested PVAAS scores "for all Algebra I [] *teachers*" at the listed schools. R.R. 36a (emphasis added).

Accordingly, based upon the applicable statutory and regulatory provisions and credited attestations, we conclude PVAAS scores are part of public school teachers' performance ratings. That the PVAAS scores calculated for individual teachers may be derived from calculations based on student assessments

4

does not undermine our conclusion that the scores, as calculated by each school district, constitute performance ratings; they are expressly included as part of the teacher effectiveness rating form prescribed by the Department, and student assessment information expressly makes up 50% of teachers' effectiveness ratings. As such, PVAAS scores necessarily constitute "performance rating[s] or review[s]" under 65 P.S. § 67.708(b)(7)(ii). Accordingly, they are not subject to disclosure under the RTKL. The OOR erred by determining otherwise.

Having found that the RTKL exempts the requested documents from disclosure, we need not consider whether they would be shielded from disclosure by the School Code. Further, in light of our disposition of this matter on statutory grounds, we need not reach the Department's constitutional arguments. *See Dep't of Conservation & Nat. Res. v. Off. of Open Recs.*, 1 A.3d 929, 936 (Pa. Cmwlth. 2010) ("whenever possible, a court should refrain from deciding constitutional issues when it can resolve a dispute on a statutory basis") (citing *Pottstown Sch. Dist. v. Hill Sch.*, 786 A.2d 312 (Pa. Cmwlth. 2001)).

### III. Conclusion

Based on the foregoing discussion, we conclude the information sought in the Request is not subject to disclosure under the RTKL. Therefore, the OOR's Final Determination is reversed.

_____
CHRISTINE FIZZANO CANNON, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department   :
of Education,       :
     Petitioner  :
          :
   v.       :
          :
Allen Wing,      :  No. 146 C.D. 2020
     Respondent :

## O R D E R

AND NOW, this 23rd day of August, 2021, the Final Determination of the Office of Open Records dated January 15, 2020 is REVERSED.

_____
CHRISTINE FIZZANO CANNON, Judge